# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA ALFORD, | CASE NO. CV F 10-0091 SMS LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR ATTORNEY FEES** |
| vs. | (Doc. 12.) |
| WACHOVIA BANK/WORLD SAVINGS BANK, | |
| Defendant. / | |

## INTRODUCTION

Defendant Wachovia Mortgage, FSB ("Wachovia") seeks from pro se plaintiff Cynthia Alford ("Ms. Alford") $6,843 for attorney fees incurred to dismiss Ms. Alford's claims arising out of her home loan and foreclosure of her Modesto residential property ("property"). Ms. Alford filed no papers to oppose an attorney fees award. This Court considered Wachovia's attorney fees motion on the record and VACATES the March 30, 2010 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court GRANTS Wachovia a $4,725 attorney fees award.

## BACKGROUND

Wachovia foreclosed on the property after Ms. Wachovia defaulted on her adjustable rate loan. Within months of the foreclosure, Ms. Alford filed this action, removed to this Court, to allege that Wachovia engaged in "an illegal scheme," "a fraudulent scheme," and "proceeded with the invalid Foreclosure sale." Ms. Alford's complaint purported to seek relief under federal and California statutes,

1

"to reinstate Plaintiff on title on her Property," and a restraining order to prevent sale or transfer of the property.

Wachovia sought F.R.Civ.P. 12(b)(6) dismissal of Ms. Alford's action in the absence of viable claims against Wachovia. This Court's January 26, 2010 order ("January 26 order") granted Wachovia sua sponte dismissal on numerous grounds, including failure to satisfy F.R.Civ.P. 8 pleading requirements, limitations periods, and absence of tender of amounts owed, a private right of action, and pecuniary loss. The January 26 order did not grant Ms. Alford an attempt to amend given Ms. Alford's inability "to cure her claims by allegation of other facts" to support claims. The January 26 order noted this Court's concern that "Ms. Alford has brought this action in absence of good faith" to exploit "the court system solely for delay or to vex Wachovia." Judgment was entered in favor of Wachovia and against Ms. Alford.

As discussed below, Wachovia seeks an attorney fees award based on attorney fees clauses.

## **DISCUSSION**

### **Attorney Fees Clauses**

Wachovia relies on the "Lender's Right to Protect its Rights in the Property" provision in the deed of trust ("DOT") to secure Ms. Alford's loan and which provides:

> If . . . someone, including me, begins a legal proceeding that may significantly affect Lender's right in the Property . . ., then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property. Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest . . .

Wachovia points to the "Payment of Lender's Costs and Expenses" provision in Ms. Alford's Adjustable Rate Mortgage Note ("note") with Wachovia and which states:

> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by appliable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

California Code of Civil Procedure section 1033.5(a)(1) permits recovery of attorney fees "when authorized by . . . Contract." California Civil Code section 1717(a) addresses recovery of attorney fees in contract actions and provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs.

Wachovia argues that Ms. Alford's complaint "significantly" affects Wachovia's interest in the property to invoke the DOT fees provision by alleging that: (1) Wachovia was "contractually bound to accept a loan modification"; (2) this Court should "[r]einstate Plaintiff on title on her Property"; and (3) the Court should issue a "restraining order" to prohibit the property's sale or transfer. Wachovia further argues that the note's enforcement fees provision applies to "fees incurred in defending itself against 'interrelated' allegations of fraud." Wachovia claims it is entitled to attorney fees to defend the challenge to the validity of Ms. Alford's obligation.

In *Abdallah v. United Savings Bank,* 43 Cal.App.4th 1101, 1111, 51 Cal.Rptr.2d 286 (1980), the California Court of Appeal explained:

> "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action." ( *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83].) However, "[a]ttorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." ( *Id.* at pp 129-130.) For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against "interrelated" allegations of fraud. (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 37 [161 Cal.Rptr. 516].) Here, the court could reasonably find that appellants' various claims were " 'inextricably intertwined' " (*Finalco, Inc. v. Roosevelt* (1991) 235 Cal.App.3d 1301, 1308 [286 Cal.Rptr. 616]), making it "impracticable, if not impossible, to separate the multitude of conjoined activities into compensable or noncompensable time units" (*Fed-Mart Corp. v. Pell Enterprises, Inc.* (1980) 111 Cal.App.3d 215, 227 [168 Cal.Rptr. 525]).

Moreover, "an obligation to pay attorney fees incurred in the enforcement of a contract 'includes attorneys' fees incurred in defending against a challenge to the underlying validity of the obligation.'" *Siligo v. Castellucci*, 21 Cal.App.4th 873, 878, 26 Cal.Rptr.2d 439 (1994) (quoting *Finalco, Inc. v. Roosevelt,* 235 Cal.App.3d 1301, 1308, 3 Cal.Rptr.2d 865 (1991)).

Ms. Alford's claims sought to significantly affect Wachovia's right in the property by seeking to reinstate Ms. Alford with title and to prohibit Wachovia's transfer of the property. Ms. Alford brought this action ostensibly to prevent Wachovia to protect its rights as a foreclosing lender. With this action pending, Wachovia could not attempt to transfer or otherwise act on the property and necessarily

incurred attorney fees to protect its interests. Wachovia was compelled to defend fraud claims which would not have arisen without its property foreclosure. The DOT's fees provision supports an award of attorney fees to Wachovia.

However, Wachovia fails to demonstrate invocation of the note's enforcement fees provision. Wachovia did not pursue this action to enforce the note. It incurred fees to defend Ms. Alford's claims after it purchased the property at foreclosure sale. A purported challenge to the note's validity was rendered moot prior to this action.

## **Attorney Fees' Reasonableness**

Wachovia contends that its $6,843 attorney fees are reasonable. "The matter of reasonableness of attorney's fees is within the sound discretion of the trial judge." *Stokus v. Marsh,* 217 Cal.App.3d 647, 656, 266 Cal.Rptr. 90 (1990).

The California Court of Appeal has provided factors to consider for an attorney fees award:

> In determining what constitutes a reasonable compensation for an attorney who has rendered services in connection with a legal proceeding, the court may and should consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded ...; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the cause, and the time consumed." [Citations.]

*Hadley v. Krepel*, 167 Cal.App.3d 677, 682, 214 Cal.Rptr. 461 (1985).

Wachovia seeks to recover fees generated over 28.2 hours by four attorneys (with $320 and $250 hourly billing rates) and two paralegals (with $155 and $145 hourly billing rates). The primary, most meaningful defense of this action was preparation of a F.R.Civ.P. 12(b)(6) motion to dismiss which was not opposed by pro se Ms. Alford. The motion was chiefly prepared by a six-year attorney who devoted 18.9 hours at a $250 hourly billing rate. The attorney billing statements reflect multiple time entries for "review," "review and analysis," and "review and edit." The billing statements further reflect duplicative effort. Although the billing rates appear reasonable, the time devoted to this matter does not given its pedestrian nature. An appropriate attorney fees award is $4,725 based on 18.9 hours multiplied by the $250 hourly rate.

/ / /

/ / /

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court GRANTS Wachovia a $4,725 attorney fees award.

IT IS SO ORDERED.

**Dated:    March 17, 2010**                    /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE